## Hartman v. Hutton

*George C. Eppinger*, for plaintiff.
*Daniel W. Long*, for defendant.

DEPUY, P. J., August 8, 1959.—Plaintiff's original complaint was filed June 6, 1958. Defendant Hutton filed a preliminary objection thereto, and later brought Owen W. Myers on the record as an additional defendant. Without reciting all the intermediate steps, this court on March 28, 1959, filed an opinion and order which permitted plaintiff to file a more specific complaint within 20 days.

Plaintiff did file an amended complaint on April 10, 1959. On April 30, 1959, defendant Hutton filed a preliminary objection in the nature of a motion to strike off the amended complaint, in the following tenor:

"Plaintiff's amended complaint is not in conformity with law and rules of Court and particularly not in conformity with Rule 1024 of the Pennsylvania Procedural Rules having to do with verification.

"The verification to the amended complaint states that certain paragraphs are inconsistent with the allegation of damages in the plaintiff's complaint filed in the case of Earl E. Hartman v. Owen W. Myers to No. 326 October Term 1957. After reasonable investigation the plaintiff has been unable to ascertain which allegation is true but has knowledge or information sufficient to form a belief that one of them is true or that both are true in whole or part."

Following argument and submission of briefs, the matter is ripe for decision.

Pa. R. C. P. 1024 in part provides as follows:

"(a) Every pleading containing averments of facts not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief. The affiant need not aver the source of his information or expectation of ability to prove the averments or denials at the trial. A pleading may be verified upon personal

knowledge as to a part and upon information and belief as to the remainder.

"(b) If a pleading contains averments which are inconsistent in fact, the verification shall state that the affiant has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that he has knowledge or information sufficient to form a belief that one of them is true."

The language of the verification to the amended complaint here involved is as follows:

"State of Pennsylvania
County of Franklin      SS:

"Earl E. Hartman being duly sworn according to law, deposes and says that he is the plaintiff above named and that the facts set forth in the foregoing complaint are true and correct, in part from his personal knowledge and as to the remainder upon information and belief, with the exceptions of paragraphs 13 through 24 inclusive which appear to be inconsistent with the allegation of damages in plaintiff's complaint filed in the case of Earl E. Hartman v. Owen W. Myers to No. 326 October Term 1957. After reasonable investigation the plaintiff has been unable to ascertain which allegation is true but has knowledge or information sufficient to form a belief that one of them is true or that both are true in whole or part."

A reading of rule 1024 leaves a rather clear impression that the draftsmen of the rule had in mind a single pleading which in itself contained inconsistent averments. This is not explicitly stated, but is the clear implication of subsection (b).

Plaintiff asks us, however, to read the subsection as extending to the averments of a separate but related complaint in a companion suit involving the same or a closely related set of facts, though filed to a different number. When, on August 23, 1957, plaintiff caused a

summons to issue in the present suit to no. 327, October term, 1957, against Paul E. Hutton claiming compensation for injuries, he also docketed his suit to no. 326, October term, 1957, against Owen W. Myers, also for personal injuries apparently sustained at about the same time and place as those averred in no. 327, October term, 1957, the two impacts having occurred, it seems, within a few seconds of each other.

In defendants' brief it is argued that plaintiff could have gathered both these causes of action into one complaint in the first place. Thus Hutton and Myers would have been sued as joint defendants, though the separate causes of action would have had to be separately stated in the one complaint. If the causes of action then would have contained inconsistent averments as to how the accident happened or who exactly was responsible for plaintiff's injuries, the verification could have easily been made under the terms of Pa. R. C. P. 1024 (*b*).

There is no question that, under the modern developments, inconsistent averments can be pleaded and various causes of action can be joined in a single suit; further, a group of related cases can be consolidated for trial. Pa. R. C. P. 2229 provides for joinder of parties, both as plaintiffs or as defendants, even when their status in the case is not identical.

Admitting these relaxations in the practice, the only trouble with plaintiff's contention is that his mode of verification viewed in relation to the existing pleadings here, no matter how logical and consistent with the modern concept of pleading, is not expressly embodied in the terms of Pa. R. C. P. 1024 (*b*). Having in mind, however, under the language of Pa. R. C. P. 126 and other rules, the general intent of the rules as to liberal construction, we believe we can go so far as to find that Pa. R. C. P. 1024 (*b*) does permit the interpretation embracing two inconsistent complaints

which plaintiff contends for. Plaintiff's brief states plaintiff's intent to ask for consolidation for trial of the two cases, nos. 326 and 327, October term, 1957. Upon granting of such a motion the result would correspond with that if defendants in the two cases had been joined initially in a single suit.

If, however, we read Pa. R. C. P. 1024(b) as broadly as plaintiff contends for, we still find that the language of plaintiff's verification does not conform. Plaintiff has not, in the words of the rule, "specified" what particular averments he is unable to ascertain are true, averring that one or the other *must* be true. Plaintiff in the verification avers that he doesn't know which allegation is true but believes that one is true or "that both are true in whole or part". Rule 1024 contains no language permitting a verification in the latter terms as quoted. We do not see how we can extend the language of rule 1024 far enough to permit a verification in the concluding terms which plaintiff has employed.

It would appear that plaintiff ought to be able to allege that all his injuries are the result of conduct of defendant Hutton or, in the other suit, that all are the result of the conduct of defendant Myers, with a verification taking care of the inconsistent allegations. Then, if liability is established, the jury can compensate plaintiff for so much of the injuries as the jury may find actually were inflicted by defendant Hutton and might also award a verdict to plaintiff for so much of the injuries as they might find were caused by defendant Myers. However, there may well be involved additional problems in the mind of counsel of some intricacy beyond what we have contemplated. At all events, we cannot extend the provisions of rule 1024 beyond the natural import of its terms.

For the foregoing reasons it is necessary that we grant defendants' motion to strike off the complaint

because the verification is not in accordance with the rules of civil procedure.

Now, this August 8, 1959, defendants' preliminary objection is sustained and plaintiff is given 20 days from this date in which to file an amended complaint or verification, failing which his action is dismissed. Exception granted to plaintiff.